Gall v. Gall, 120 Wis. 270.

GALL, Appellant, vs. GALL, Respondent.

*December 15, 1903—January 12, 1904.*

Appeal and error: Bill of exceptions: Certificate of trial judge: Impeachment: Presumptions: Contracts: Consideration: Demand: Commencement of action: Pleading: Amendment: Settlement: Refusal to submit question to jury.

1. The recitals in the certificate of the trial judge that the annexed bill of exceptions contains all the evidence, being in conflict with the facts appearing on the face of the bill, such recital, as to all questions depending on such facts, must be regarded as untrue.

2. A bill of exceptions showed on its face that a certain contract, in writing, between the parties was offered in evidence, but the contract itself was not contained in the bill. *Held*, that it must be presumed, in support of the judgment, that the contract so received in evidence showed a consideration for all the promises on the part of the defendant therein contained.

3. The rule that, where payment is to be made by the delivery of specific articles, there is no obligation to pay in money until there is a demand and refusal to deliver the articles, has no application to a contract requiring a defendant to pay to plaintiff $20 in cash *annually*.

4. A complaint alleging an agreement in writing to pay to the plaintiff $20 every year, the breach of it, and the amount due and unpaid by virtue of the agreement and breach, is sufficient to satisfy the statutory rules of pleading without amendment.

5. It is not error to refuse to submit to the jury the question of a settlement, where no settlement was pleaded, and the evidence bearing upon that question was pertinent to the issues raised by the pleadings.

APPEAL from a judgment of the circuit court for Sauk county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

This action was commenced before a justice of the peace December 3, 1901, by *Rosina Gall* against her son, *Charles,* to recover $52.50 in money and the value of certain articles which by the terms of a written agreement, executed by them November 28, 1893, he agreed to pay and deliver to her annually, but which he had failed and neglected to do, to the

amount of $142.50, and that that sum included $30 for a cow belonging to the plaintiff, and was sold by the defendant for $30 and the proceeds thereof retained by him. The defendant answered by way of admissions, denials, and counter allegations, pleading the statutes of limitation as to the cow, and payment under the written contract as to the other items. After the case was taken on appeal to the circuit court it came on for trial, and after the court overruled a demurrer *ore tenus* to the complaint the case was tried. At the close of the testimony the defendant moved the court to direct a verdict in favor of the defendant, on the ground, among others, that no demand had been alleged in the complaint or proven on the trial, and that the plaintiff had failed to show title to the cow. The court refused such motion, and held that no demand had been alleged in the complaint, and that there was no evidence of any demand except as to the money, and as to that the court allowed the complaint to be amended by alleging such demand. Thereupon, and after charging the jury, they returned a special verdict to the effect (1) that there was money due from the defendant to the plaintiff December 3, 1901, under that provision of the contract in question requiring the defendant to pay the plaintiff $20 in cash yearly; (2) that there was a demand made for and by the plaintiff for the payment of that money before December 3, 1901; (3) that they found that there was due to the plaintiff at that time $37.50; (4) that the defendant did not sell the cow which was owned by the plaintiff for the sum of $30, as charged in the complaint. From the judgment entered upon such verdict in favor of the plaintiff, the defendant, *Charles Gall,* brings this appeal.

For the appellant there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans* and *H. H. Thomas.*

For the respondent there was a brief by *Stone & Malone,* and oral argument by *James A. Stone.*

CASSODAY, C. J. Before the case was submitted to the jury, the trial court held, as a matter of law, that for want of sufficient demand the plaintiff could recover nothing on any of her several claims for pork, beef, or wood, amounting in the aggregate to $60. The jury found that the defendant did not sell the plaintiff's cow and keep the proceeds of $30, as claimed by the plaintiff. Since the plaintiff has not appealed from the judgment, such finding of the jury and such ruling of the court eliminate from the case all of the plaintiff's claims, except as to her claim for money due under the contract. As to that claim, the complaint alleges, in effect, that the defendant agreed in and by the written agreement executed November 28, 1893, to pay to the plaintiff annually $20 in cash, and that he had failed and neglected to pay said sum of $20 annually as agreed, and that there was then due and unpaid to the plaintiff by virtue of said agreement the sum of $52.50. The answer pleaded payment. The jury found that there was due the plaintiff, on such agreement to pay her $20 in cash yearly, $37.50. The only questions here for consideration are such as were determined adversely to the defendant.

1. The defendant contends that a verdict should have been directed in his favor on the ground that the complaint fails to allege a consideration for the agreements on the part of the defendant. As indicated, it does allege the agreement in writing between the parties and executed by the defendant. That agreement was received in evidence without objection, but is not printed and is not contained in the bill of exceptions, which is certified to contain all the evidence. Such recital in the certificate of the trial judge, being in conflict with the facts appearing on the face of the bill of exceptions, must, as to all questions depending on such facts, be regarded as untrue. *Dorer v. Hood,* 113 Wis. 607, 88 N. W. 1009. We must, in support of the judgment, therefore, assume that the written contract so received in evidence did show a con-

sideration for all the promises on the part of the defendant therein contained. Besides, just after the contract was received in evidence, the defendant testified to the effect that he was thirty-eight years of age, and that ever "since November 28, 1893, when the contract was made," he had lived "upon the farm deeded to him by my [his] mother." The plaintiff testified that at the time the defendant came there on the farm, in 1893, she signed a contract "giving everything." Undoubtedly such deed and contract so mentioned by the defendant were made at the same time and as a part of the same transaction.

2. Counsel cite a number of adjudications to the effect that, where payment is to be made by the delivery of specific articles, there is no obligation to pay in money until there has been a demand and refusal to deliver the articles, and that such demand and refusal should be alleged and proved. That rule was applied by the trial court so far as the agreement required the defendant to make payments to the plaintiff by the delivery of specific articles of property. But that rule has no application to that part of the agreement which required the defendant to pay to the plaintiff $20 in cash *annually*. This made it due without demand. The authorities go further and state:

"As a general proposition, when a specific sum of money is made payable by the agreement of the parties, whether at a specified time and place, or generally, without time or terms specified, as against the original debtor, no demand prior to the commencement of a suit is necessary, but the debtor must seek out the creditor and make a tender to him, if he is within the realms of the state." 9 Am. & Eng. Ency. of Law (2d ed.) 199.

The complaint here alleges an agreement in writing to pay to the plaintiff $20 every year, the breach of it, and the amount due and unpaid by virtue of the agreement and the breach. This seems to be sufficient to satisfy the statute,

without any amendment.    Secs. 2646, 2668, 2675, Stats. 1898.

3. We perceive no error in refusing to submit to the jury the question whether there was a settlement between the parties November 21, 1901, except as to the pork. No such settlement nor any settlement was pleaded, and the evidence bearing upon the question was pertinent to the issues in the case. The appeal seems to be without merit.

*By the Court.*—The judgment of the circuit court is affirmed.

SIEBECKER, J., took no part.